IN THE UNITED STATES DISTRICT COURT
OF THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | |
|---|---|
| **BRIAN SANDERS** § | |
| § | |
| **V.** § | No. 5:21CV93-RWS-JBB |
| § | |
| **TEXAS A&M UNIVERSITY** § | |
| **TEXARKANA** § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

The above-referenced case was referred to the undersigned United States Magistrate Judge for pretrial purposes in accordance with 28 U.S.C. § 636. Before the Court is the following pending motion:

**Defendant's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) (Dkt. No. 7).**

The Court, having carefully reviewed the relevant briefing, recommends Defendant's motion be **GRANTED IN PART and DENIED IN PART**. Specifically, the Court recommends Defendant's motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure be **GRANTED**, and Defendant's motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure be **DENIED**. The Court recommends Plaintiff's above-entitled and numbered cause of action, which the Court construes as arising under Title I of the Americans with Disabilities Act of 1990, be **DISMISSED WITHOUT PREJUDICE**.

### I. BACKGROUND

On July 29, 2021, Brian Sanders ("Plaintiff"), proceeding *pro se*, filed this case against Texas

A&M University Texarkana ("Defendant").[1] In a form "General Complaint," Plaintiff alleges as follows:

> Texas A&M University-Texarkana refused to consider my application for employment on 12/10/2014 due to my disability. Texas A&M University-Texarkana would not consider my application complete because I did not possess a driver's license. Due to my total blindness, I am unable to obtain a driver's license. I spoke with Mr. Norton's assistant at the time about my situation and she laughed at the possibility of me being considered as Recruitment Specialist. I spoke with Mr. Norton about my situation and requested that my application still be considered without completing the driver's license portion. I explained to him about the reasonable accommodations that had allowed me to travel in my previous jobs and how I still had those resources available to perform all essential job duties of a recruitment specialist. He refused to allow my application to move forward and would not consider any reasonable accommodations for me.

Dkt. No. 1 at 4. Plaintiff further alleges he is seeking restitution for damages "and that the defendant be forced to receive ADA training." *Id*. at 5.

Attached to the "General Complaint" is a form "Complaint Under Title VII of the Civil Rights Acts of 1964." *Id.* at 6-9. Without marking that Defendant discriminated against him because of his race, color, sex, or national original as requested in the form Title VII complaint, Plaintiff only notes that Defendant "refused to consider application for employment due to disability." *Id*. at 8. Plaintiff provides the same substantive allegations as in the "General Complaint" and again requests that Defendant be directed to "receive ADA training." *Id.* at 8-9.

## II. DEFENDANT'S MOTION

On February 14, 2022, Defendant filed its current motion to dismiss pursuant to FED. R. CIV. P. 12(b)(1) and 12(b)(6). Instead of leading with its Rule 12(b)(1) motion, Defendant first asserts Plaintiff's "Title VII disability discrimination claim" fails to state a claim upon which relief can be granted because

---

[1] Plaintiff also filed a motion for appointment of counsel. On August 31, 2021, the Court denied Plaintiff's motion. Dkt. No. 3.

"Title VII does not proscribe discrimination on the basis of disability." Dkt. No. 7 at 2 (quoting *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007) (citing 42 U.S.C. § 2000e–2 (prohibiting employment discrimination on the basis of "race, color, religion, sex, or national origin"))). Thus, Defendant contends Plaintiff's Title VII claim against Defendant must be dismissed pursuant to Rule 12(b)(6). *Id.*

Defendant then moves to dismiss under Rule 12(b)(1). According to Defendant, to the extent Plaintiff attempts to bring his claim under Title I of the Americans with Disabilities Act ("ADA"), the Court lacks subject matter jurisdiction and should be dismissed under Rule 12(b)(1). *Id.* Specifically, Defendant asserts Texarkana A&M University Texarkana, as an arm of the state, is entitled to sovereign immunity because the State of Texas has not waived its immunity from suit with respect to the ADA. *Id.*

Pursuant to Local Rule CV-7, a party has fourteen days (twenty-one days for summary judgment motions) in which to file a response to a motion, after which the Court will consider the submitted motion for decision. Plaintiff failed to file a response to the motion. Considering Plaintiff is representing himself, the Court allowed Plaintiff additional time in which to respond to Defendant's motion. On March 2, 2022, and again on July 13, 2022, the Court ordered Plaintiff to file a response to Defendant's motion, advising Plaintiff both times that failure to do so could result in a recommendation that his case be dismissed for failure to prosecute. *See* Dkt. Nos. 8, 10.

On August 15, 2022, six months after the motion was filed, Plaintiff filed a response to Defendant's motion to dismiss. Dkt. No. 13. In his response, Plaintiff asserts as follows:

> I was illegally treated by Texas A&M-Texarkana and this was determined by the EEOC. This finding by the EEOC is supported by the case Stephenson v. Pfizer Inc., No. 14-2079 (4th Cir. March 2, 2016.)
>
> In this case the employer was found guilty of violating the Americans with Disabilities Act.

3

> The employer refused to provide a driver as a reasonable accommodation to one of their Pharmaceutical Sales Representatives. It was decided that driving was a component of the job, however it was not an essential job duty. I've included an informal letter posted on the EEOC s web site giving an example of essential and none essential job duties and how to identify each; please see included document.

*Id.* at 1. Plaintiff further asserts Defendant's action was a direct violation of Texas law posted on Governor of Texas Greg Abbott's website, which provides that employers with fifteen or more employees must provide reasonable accommodations to qualified employees or applicants with disabilities, unless such an accommodation would be an undue hardship. *Id.*

### III. LEGAL STANDARD

Federal courts are ones of limited jurisdiction. *Martinez v. Texas Health & Hum. Servs. Comm'n*, Civil Action No. 4:20-CV-03706, 2021 WL 2302627, at *2 (S.D. Tex. June 4, 2021) (citing *Howery v Allstate Insurance Co*, 243 F3d 912, 916 (5th Cir 2001) (citing *Kokkonen v Guardian Life Insurance Co of America*, 511 US 375, 377 (1994))). Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a case for lack of subject matter jurisdiction when the district court lacks statutory and constitutional power to adjudicate the case. *Oklahoma Law Enf't Ret. Sys. v. Adeptus Health Inc.*, Civil Action No. 4:17-CV-00449, 2018 WL 4352836, at *2 (E.D. Tex. Sept. 12, 2018) (citing *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)). If a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court will consider the jurisdictional attack under Rule 12(b)(1) before addressing any attack on the legal merits. *Id.* (citing *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)).

In deciding the motion, courts may consider "(1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by

4

undisputed facts plus the [C]ourt's resolution of disputed facts." *Id.* at \*3 (quoting *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008) (quoting *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996))). The court will accept as true all well-pleaded allegations set forth in the complaint and construe those allegations in the light most favorable to the plaintiff. *Id.* (citing *Truman v. United States*, 26 F.3d 592, 594 (5th Cir. 1994)). Once a defendant files a motion to dismiss under Rule 12(b)(1) and challenges jurisdiction, the party invoking jurisdiction has the burden to establish subject matter jurisdiction. *Id.* (citing *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980)). The court will grant a motion to dismiss for lack of subject matter jurisdiction only if it appears certain that the claimant cannot prove a plausible set of facts to support a claim that would entitle it to relief. *Id.* (citing *Lane*, 529 F.3d at 557).

Although Defendant also moves to dismiss any disability discrimination claim under Title VII pursuant to Federal Rule of Civil Procedure 12(b)(6), standards in this regard need not be stated. *See Martinez*, 2021 WL 2302627, at \*2. As explained in detail below, Plaintiff does not appear to be pursuing a disability discrimination claim under Title VII. Rather, the Court construes Plaintiff's claim as arising under Title I of the ADA.

## IV. STATE SOVEREIGN IMMUNITY

State sovereign immunity divests federal courts of jurisdiction over states and their agencies and instrumentalities, unless the state consents to suit or Congress has clearly and validly abrogated the state's sovereign immunity. *Canada Hockey, L.L.C. v. Texas A&M Univ. Athletic Dep't*, Civil Action No. 20-20503, 2022 WL 445172, at \*3 (5th Cir. Feb. 14, 2022) (citing U.S. Const. amend. XI; also citing *Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 326 (5th Cir. 2002)). "The state need not be the

named party in a federal lawsuit, for a state's Eleventh Amendment immunity extends to any state agency or entity deemed an 'alter ego' or 'arm' of the state."[2] *Id.*

A state's immunity from suit is not absolute. *Id.* With respect to abrogation, a federal court may entertain a lawsuit against a nonconsenting state on two conditions: "First, Congress must have enacted 'unequivocal statutory language' abrogating the States' immunity from the suit.... And second, some constitutional provision must allow Congress to have thus encroached on the States' sovereignty. Not even the most crystalline abrogation can take effect unless it is 'a valid exercise of constitutional authority.'" *Id.* (quoting *Allen v. Cooper*, 140 S. Ct. 994, 1000-01, 206 L. Ed. 2d 291 (2020) (citations omitted in *Canada Hockey*)).

## V. DISCUSSION

Although Plaintiff filed both a form "General Complaint" and a form "Complaint Under Title VII of the Civil Rights Act of 1964," a review of the complaint and its attachments reveals that Plaintiff intends to bring his claims under Title I of the ADA rather than under Title VII. First, the Court notes Plaintiff is representing himself and was provided both form complaints by the Clerk of the Court. Second, although he returned both forms to the Clerk of the Court for filing, Plaintiff's allegations are the same in both form complaints and do not reference alleged discrimination based on race, color, religion, sex, or national origin

---

[2] "'Eleventh Amendment immunity' is a misnomer, however, because that immunity is really an aspect of the Supreme Court's concept of state sovereign immunity and is neither derived from nor limited by the Eleventh Amendment. Nevertheless, the term 'Eleventh Amendment immunity' has been used loosely and interchangeably with 'state sovereign immunity' to refer to a state's immunity from suit without its consent in federal courts." *Canada Hockey, L.L.C. v. Texas A&M Univ. Athletic Dep't*, No. 20-20503, 2022 WL 445172, at *3 n.3 (5th Cir. Feb. 14, 2022) (quoting *Meyers ex rel. Benzing v. Texas*, 410 F.3d 236, 240-41 (5th Cir. 2005) (citations omitted in *Canada Hockey*)).

as required for a claim under Title VII;[3] rather, Plaintiff alleges Defendant refused to consider his application due to his disability of total blindness and would not consider any reasonable accommodations. Dkt. No. 1 at 4, 8. Plaintiff specifically alleges in both forms that he is requesting Defendant be forced to "receive ADA training." *Id*. at 5, 9. In the Civil Cover Sheet provided by Plaintiff and docketed with his complaint, Plaintiff indicated the "Nature of Suit" by placing an "X" only in the box for "445 Amer. W/Disabilities-employment." Dkt. No. 1-2. Under "Cause of Action," Plaintiff provided as follows: "Title I of the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. § 12111." *Id.* (further noting as the brief description of cause: "Texas A&M University - Texarkana refused to accept my employment application due to my inability to obtain a driver's license due to being blind.").

Importantly, Exhibit A attached to Plaintiff's complaint contains the Department of Justice's "Notice of Right to Sue Within 90 Days." ("Notice").[4] The Notice notifies Plaintiff that he has the right to institute a civil action under Title I of the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. § 12111, et seq., against Texas A&M University. *Id*., Ex. A at 2. The corresponding email from the Senior Investigator, Title I (Employment) Program Manager with the United States Department of Justice, Disability Rights Section, provides as follows:

---

[3] As noted above, in the form "Complaint Under Title VII of the Civil Rights Acts of 1964" portion of his complaint, Plaintiff did not mark a box indicating that Defendant discriminated against him because of his race, color, sex, or national original. Plaintiff only noted that Defendant "refused to consider application for employment due to disability." Dkt. No. 1 at 8.

[4] Plaintiff attached as Exhibit A to his form complaint email correspondence regarding "Right to Sue Brian Sanders v. Texas A & M University." *See* Dkt. No. 1, Ex. A at 1-3. The email contained a copy of the April 30, 2021 Notice of Right to Sue Within 90 Days letter from the Department of Justice. *Id.* at 2-3. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (holding that a court ruling on a Rule 12(b)(1) motion may evaluate "(1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts").

> Attached is your ADA Notice of Right to Sue in the above referenced case filed with the EEOC, and your rights under the ADA amendments Act. Your 90-day period begins with your acknowledgment of receipt.

*Id*. at 1.

Considering the identical allegations in Plaintiff's form complaints, and further considering the contents of Exhibit A and the Civil Cover Sheet attached thereto, the Court presumes, though Plaintiff does not specify, that he brings his claims under Title I of the ADA rather than Title VII. *See King v. Texas A&M Eng'g Extension Serv*., Civil Action No. 4:21-CV-1005, 2022 WL 2328853, at *5 (E.D. Tex. June 28, 2022) (quoting *Taylor v. City of Shreveport*, 798 F.3d 276, 282 (5th Cir. 2015)) (stating "[u]nlike Title I of the ADA, Title II does not create a cause of action for employment discrimination"); *see also Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007) ("Title VII does not proscribe discrimination on the basis of disability. *See* 42 U.S.C. § 2000e–2 (prohibiting employment discrimination on the basis of 'race, color, religion, sex, or national origin'); *Blow v. City of San Antonio*, 236 F.3d 293, 296–97 (5th Cir.2001) (requiring a *prima facie* showing that the plaintiff is a member of a protected class)"). What is more, in his response to Defendant's motion to dismiss, Plaintiff makes no reference to Title VII, although Defendant's motion addresses Title VII. However, he references a case from the Fourth Circuit, asserting the employer in that case "was found guilty of violating the ADA." Dkt. No. 13 at 1.

Defendant argues Plaintiff's claims, if construed as a cause of action under Title I of the ADA, should be dismissed under Rule 12(b)(1) because they are barred by sovereign immunity. Dkt. No. 7 at 2. The Court agrees. As District Judge Mazzant held in *King*, the fact that Plaintiff's claims are based on

8

Title I of the ADA is fatal.[5] *King*, 2022 WL 2328853, at *5.

The Fifth Circuit Court of Appeals stated in *Canada Hockey* that "TAMU is inarguably an arm of the state entitled to sovereign immunity." *Canada Hockey, L.L.C. v. Texas A&M Univ. Athletic Dep't*, Civil Action No. 20-20503, 2022 WL 445172, at *3 (5th Cir. Feb. 14, 2022) (citing *U.S. Oil Recovery Site Potentially Responsible Parties Grp. v. R.R. Comm'n of Tex.*, 898 F.3d 497, 501 (5th Cir. 2018)). As such, Defendant enjoys the same Eleventh Amendment immunity as the State of Texas itself. *King*, 2022 WL 2328853, at *3 (citing *Sullivan v. Tex. A&M Univ. Sys.*, 986 F.3d 593, 595 (5th Cir.), *cert. denied*, 142 S. Ct. 216, 211 (2021) ("Texas A&M is an agency of the State of Texas, so a suit against the former is a suit against the latter.")). Thus, to overcome Defendant's assertion of sovereign immunity for Plaintiff's ADA claim, Plaintiff must show either that Congress has validly abrogated Texas's sovereign immunity or that Texas has waived its sovereign immunity and consented to suit. *Id.*

In *Sullivan v. Texas A&M University System*, the Fifth Circuit Court of Appeals held Texas's sovereign immunity was neither abrogated nor waived for ADA claims. *Soto v. MD Anderson Cancer Ctr.*, Civil Action No. 21-20249, 2021 WL 5768105, at *1 (5th Cir. Dec. 3, 2021) (citing *Sullivan*, 986 F.3d at 596, 598). Although the ADA purports to abrogate states' sovereign immunity in 42 U.S.C. § 12202, the Supreme Court has held this provision exceeds Congress' constitutional authority and does not validly abrogate the states' sovereign immunity. *Id.* (citing *Sullivan*, 986 F.3d at 596 (citing *Bd. of Trs. of Univ. of Ala. v. Garrett,* 531 U.S. 356, 374 (2001))). The court in *Sullivan* further held that "Sullivan

---

[5] The Court notes that although it construes Plaintiff's claim as a cause of action under Title I of the ADA, to the extent any disability-discrimination claim under Title VII is pleaded, the Court would recommend it also be dismissed, but with prejudice. *Martinez v. Texas Health & Hum. Servs. Comm'n*, Civil Action No. 4:20-CV-03706, 2021 WL 2302627, at *5 (S.D. Tex. June 4, 2021).

cannot rely on abrogation to overcome Texas'[ ] sovereign immunity from his claim under Title I of the ADA." *Id.* (quoting *Sullivan*, 986 F.3d at 596).

In this case, Plaintiff has failed to show that Texas knowingly waived its immunity to suit. *King*, 2022 WL 2328853, at *5 (citing *Sullivan*, 986 F.3d at 596 (finding plaintiff failed to show that Texas has waived its sovereign immunity under the ADA)). Thus, sovereign immunity bars the Plaintiff's ADA claims as pleaded, and the Court lacks jurisdiction over the ADA claim. *Id.* Any attempt to replead the ADA claim would be futile because subject matter jurisdiction is lacking. *See Sussman v. Univ. of Texas Med. Branch*, Civil Action No. 4:21-CV-00298, 2021 WL 2302640, at *5 (S.D. Tex. June 4, 2021) ("The TCHRA claims will be dismissed without prejudice because subject-matter jurisdiction is lacking. Sussman may not replead them.").

Thus, the undersigned recommends the Court dismiss Plaintiff's ADA claim without prejudice as barred by sovereign immunity. *See Sullivan*, 986 F.3d at 595 (citing *Warnock v. Pecos Cnty.*, 88 F.3d 341, 343 (5th Cir. 1996) (holding sovereign-immunity-based dismissals are without prejudice); also citing 9 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2373, at 756–57 (3d ed. 2008) (explaining that because dismissal for lack of jurisdiction does not reach the merits, the claim "must be considered to have been dismissed without prejudice")).

Based on the foregoing, it is

**RECOMMENDED** that Defendant's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) (Dkt. No. 7) be **GRANTED IN PART AND DENIED IN PART**. Specifically, the Court recommends Defendant's motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure be **GRANTED**, and Defendant's motion to dismiss pursuant to Rule 12(b)(6)

of the Federal Rules of Civil Procedure be **DENIED**. It is further

**RECOMMENDED** that Plaintiff's above-referenced cause of action, which the Court construes as arising under Title I of the Americans with Disabilities Act of 1990, be **DISMISSED WITHOUT PREJUDICE.**

## Objections

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

SIGNED this the 23rd day of August, 2022.

_____
J. Boone Baxter
UNITED STATES MAGISTRATE JUDGE