IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | |
|---|---|
| BRIAN SANDERS, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. 5:21-CV-00093-RWS |
| § | |
| TEXAS A&M UNIVERSITY-§ TEXARKANA, § | |
| § | |
| Defendant. § | |

### ORDER

Before the Court is the Report and Recommendation of the United States Magistrate Judge (Docket No. 16), which contains his findings, conclusions and recommendations for the disposition of this matter. The Court hereby adopts the Report and Recommendation of the Magistrate Judge as the findings and conclusions of this Court. Plaintiff Brian Sanders, proceeding *pro se*, filed the above-titled civil action against Defendant Texas A&M University-Texarkana, alleging violations of Title I of the Americans with Disabilities Act of 1990 ("ADA"). Docket No. 1. The case was referred to the United States Magistrate Judge in accordance with 28 U.S.C. § 636. Defendant thereafter filed the present motion to dismiss. Docket No. 7.

After reviewing the pleadings, the Magistrate Judge issued a report recommending that Defendant's Motion to Dismiss (Docket No. 7) be granted-in-part and denied-in-part. Docket No. 16. The Magistrate Judge specifically recommended that: (1) Defendant's Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(1) be **GRANTED**, and (2) Defendant's Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(6) be **DENIED**. *Id.* The Magistrate Judge

further recommended that Plaintiff's lawsuit, which the Court construes as arising under the ADA, be dismissed without prejudice. *Id.* Plaintiff filed an objection in response. Docket No. 18.

As an initial matter, Plaintiff's three-sentence objection does not satisfy the requisite specificity parameters. Under Rule 72, a party must provide "specific written objections to the proposed finding and recommendation." FED. R. CIV. P. 72(b)(2). As noted in the Magistrate Judge's Report, "[i]n order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the space in the magistrate judge's report and recommendation where the disputed determination is found." Plaintiff's objection, however, fails to satisfy these requirements. *See* Docket No. 18 at 1.

Notwithstanding this deficiency, Plaintiff's objection also lacks substantive merit. In his objection, Plaintiff refers the Court to the case of "Texas Department of Transportation, Petitioner, v. Albert Lara, Jr., Respondent." Plaintiff specifically asserts this case demonstrates that the State of Texas can be sued under "Title I," presumably Title I of the ADA. Docket No. 18 at 1. In referencing the above-mentioned case, Plaintiff fails to provide a complete citation. *Id.* Absent such information, it is unclear which case corresponds to Plaintiff's objection. Assuming arguendo that Plaintiff is referencing *Texas Dep't of Transportation v. Lara*, 625 S.W.3d 46 (Tex. 2021), the Court find that this case is unpersuasive. In *Lara*, the Supreme Court of Texas considered Texas's sovereign immunity in the context of the Texas Commission on Human Rights Act (TCHRA), which does waive immunity in certain instances. *See Lara*, 625 S.W.3d 52. However, the TCHRA is not at issue in this case, and *Lara*'s discussion of sovereign immunity is therefore inapplicable.

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Petitioner objected. *See* 28 U.S.C. § 636(b)(1) (explaining that a district judge shall "make a *de novo* determination of those

portions of the report or specified proposed findings or recommendations to which objection is made."). Upon such review, the Court has determined that the Report of the Magistrate Judge is correct, and Plaintiff's objection is without merit. Accordingly, it is

**ORDERED** that Plaintiff's objection is **OVERRULED**, and the Report of the Magistrate Judge (Docket No. 16) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that Defendant's Motion to Dismiss (Docket No. 7) is **GRANTED-IN-PART** and **DENIED-IN-PART** as follows: (1) Defendant's Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(1) is **GRANTED**, and (2) Defendant's Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(6) is **DENIED**.  It is further

**ORDERED** that the above-titled cause of action is **DISMISSED WITHOUT PREJUDICE**. It is further

**ORDERED** that any and all motions which may be pending in this civil action are hereby **DENIED-AS-MOOT**.

**So ORDERED and SIGNED this 29th day of September, 2022.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE